IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM HARTUNG,

                                                                                            ORDER

                Plaintiff,

                                                                                         10-cv-75-slc[1]

      v.

RICK RAEMISCH,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for injunctive and monetary relief, plaintiff William Hartung contends that defendant Rick Raemisch has violated plaintiff's Eighth and Fourteenth Amendment rights by providing him inadequate medical treatment. Plaintiff has paid the $350 filing fee. However, because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the court to screen his complaint and deny him leave to proceed if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order only, I am assuming jurisdiction over this case.

1

damages.  28 U.S.C. § 1915(e).  In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  After reviewing plaintiff's complaint, I conclude that he may not proceed at this time because his complaint violates Fed. R. Civ. P. 8.  In particular, plaintiff fails to explain precisely who the defendants are in this case.  I will give plaintiff an opportunity to submit an amended complaint that provides proper notice to the proper defendants.

In his complaint, plaintiff alleges the following facts.

## ALLEGATIONS OF FACT

### A.  Wrist Pain

Plaintiff is incarcerated at the Waupun Correctional Institution in Waupun, Wisconsin.  On June 21, 2008, plaintiff woke up with severe pain in his right wrist.  He told the third-shift officer about the pain, but the officer said that he was not allowed to open the trap door during the third shift.  The officer said that he would tell the sergeant about plaintiff's pain in the morning.  At 9:00 a.m. the following day, plaintiff pressed the emergency button and told the responder that he needed to see a nurse about the pain in his wrist.  The responder told plaintiff that he was not going to call a nurse and that plaintiff needed to "put in a blue slip like every other inmate."  Sometime later, a team of officers and the shift supervisor appeared at plaintiff's cell and told plaintiff to place his hands through

the trap.  Plaintiff complied and the supervisor grabbed both of plaintiff's wrists.  Plaintiff told the supervisor that his wrist had been hurting for 10-12 hours and asked the supervisor why he was grabbing it.  The supervisor told plaintiff to be quiet and that he would answer plaintiff's questions once he was out of his cell.  The officers removed plaintiff from his cell, placed him in a "strip cage" and conducted a strip search.  After the search, they placed plaintiff in an observation cell.  Plaintiff never saw a nurse and no one addressed plaintiff's medical concerns that day.

   The following day, plaintiff pressed his medical emergency button and told the responder that he was having extreme pain in his right wrist.  The responder told plaintiff that she would call a nurse.  Twenty minutes later, plaintiff pressed his emergency button against and asked when the nurse would arrive.  The responder told plaintiff that she had called the nurse and he needed to be patient.  About four or five hours later, the nurse still had not arrived and plaintiff began to hold down the call button.  The supervisor stopped answering plaintiff's calls.  Later, the supervisor told plaintiff that medications had been ordered for him and they would arrive in a couple of days.  Plaintiff received medications approximately eight weeks later.  In the interim, he complained continuously to staff about his wrist pain.

3

B. Dental Work

While plaintiff was in observation, he was unable to brush his teeth for two weeks. Plaintiff asked staff for a toothbrush but they denied his request. After plaintiff filed an inmate complaint, he was taken to a dentist. The dentist told plaintiff that his teeth were loose and he had gum problems. At a follow-up appointment, a hygienist tried to clean plaintiff's teeth. During the cleaning, she broke a filling on plaintiff's tooth. The filling could not be repaired immediately because plaintiff's gums were too soft. Later, when plaintiff went back to the dentist for a repair, the dentist made a mistake repairing the filling.

DISCUSSION

Plaintiff states that he is bringing his claims under the Eighth Amendment because prison staff was deliberately indifferent to his medical needs. Prison officials have a duty under the Eighth Amendment to provide medical care to those being punished by incarceration. Snipes v. DeTella, 95 F.3d 586, 590 (7th Cir. 1996) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). To state an Eighth Amendment medical care claim, a prisoner must allege facts from which it can be inferred that he had a "serious medical need" and that prison officials were "deliberately indifferent" to this need. Estelle, 429 U.S. at 104; Guttierez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

A medical need may be serious if it is life-threatening, carries risk of permanent serious impairment if left untreated, results in needless pain and suffering when treatment is withheld, Guttierrez, 111 F.3d at 1371-73, "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), or otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825, 847 (1994).

"Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

Thus, under this standard, plaintiff's claim has three elements:

(1) Did plaintiff need medical treatment?

(2) Did defendants know that plaintiff needed treatment?

(3) Despite defendants' awareness of the need, did defendants fail to take reasonable measures to provide the necessary treatment?

Plaintiff alleges that he had severe wrist pain and teeth and gum problems. At this stage, I can assume that plaintiff's wrist pain and dental problems qualify as serious medical needs. However, the problem with plaintiff's complaint is that it does not explain precisely who the defendants are in this case. He does not specify any defendant by name in the body of the complaint. Although the caption names Rick Raemisch as a defendant, the complaint

5

does not mention Raemisch at all. It is well established that liability under § 1983 must be based on a defendant's personal involvement in the constitutional violation. Palmer v. Marion County, 327 F.3d 588, 594 (7th Cir. 2003); Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Therefore, plaintiff needs to explain which persons are responsible for denying him medical and dental care. He must identify the persons from whom he sought medical treatment and what those defendants did in response to his request. If plaintiff does not know the name of a particular defendant, he should call that defendant "John Doe" or "Jane Doe" and identify what each person's involvement in the alleged violations was. Each John or Jane Doe should be identified by number, (for example, "John Doe #1," "John Doe #2" and so on), and plaintiff should add these defendants to the caption of the complaint.

Also, plaintiff should be aware that his complaint may violate Fed. R. Civ. P. 20. Under Rule 20, plaintiff may not include separate claims against separate defendants in a single suit. As the court of appeals held in George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), plaintiff may join separate claims in a single lawsuit only if they are asserted against the same defendant, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Thus, a claim that one set of prison officials failed to provide plaintiff medical treatment for plaintiff's

6

wrist pain will probably not belong in the same lawsuit as a claim that different prison officials failed to provide plaintiff dental treatment. However, at this stage in the proceedings I cannot conclusively determine whether the complaint violates Rule 20 because of the Rule 8 problems mentioned above. If plaintiff files a proposed amended complaint that complies with Rule 8 but violates Rule 20, I will sever the separate claims into separate lawsuits. At that point, plaintiff will have to decide which of the separate lawsuits he wishes to pursue.

Because plaintiff's complaint violates Rule 8, I will dismiss his complaint without prejudice. He is free to revise his complaint and identify who the defendants are in this case. I will give plaintiff until March 15, 2010 to do so. Once the court receives the amended complaint, I will assess the complaint to determine whether plaintiff has pleaded enough facts to state a claim under the Eighth Amendment. If plaintiff fails to submit an amended complaint by March 15, 2010, the clerk of court will close the file.

ORDER

IT IS ORDERED that

1. Plaintiff William Hartung's complaint is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until March 15, 2010, to file an amended complaint that complies with Rule 8. If plaintiff does not file an

amended complaint by that date, the clerk of court is directed to close the case.

Entered this 1st day of March, 2010.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge