IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM HARTUNG,

                                               ORDER

               Plaintiff,

                                             10-cv-75-slc[1]

     v.

OFFICER PONTOW, OFFICER KRUGER,
J.O. DONOVAN, LIEUTENANT SCHULTZ,
THERESA MURPHY, MICHAEL THURMAN,
WILLIAM GROSSHANS and RICK RAEMISCH.

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for injunctive and monetary relief, plaintiff William Hartung contends that defendants Officer Pontow, Officer Kruger, J.O. Donovan, Lieutenant Schultz, Theresa Murphy, Michael Thurman, William Grosshans and Rick Raemisch violated his Eighth and Fourteenth Amendment rights. On March 1, 2010, I dismissed plaintiffs' original complaint because it violated Fed. R. Civ. P. 8 and gave plaintiff an opportunity to file an amended complaint that provided proper notice to defendants. Now before the court is plaintiff's proposed amended complaint.

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

1

Because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny plaintiff leave to proceed if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). After reviewing plaintiff's complaint, I conclude that he may not proceed at this time because his complaint violates Fed. R. Civ. P. 20. Accordingly, I will reserve ruling on the merits of his complaint until he remedies the Rule 20 violations.

In his amended complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

Plaintiff is incarcerated at the Waupun Correctional Institution in Waupun, Wisconsin. On September 8, 2007, Officer Rosenthal came to plaintiff's cell in the segregation unit to take him to the shower. Rosenthal handcuffed plaintiff and plaintiff started to lose his balance. Several officers ran down the hall toward plaintiff, got on top of him and told him to stop resisting. Plaintiff told the officers repeatedly that he was not resisting. Defendant Kruger hit plaintiff three times on his head, causing him to bleed. Kruger picked him up in a headlock position and dragged him down some stairs and into the

2

strip cage. Officers cut off plaintiff's clothes and conducted a strip search. After the search was completed, a nurse saw plaintiff. Then Kruger dragged plaintiff back up the stairs to an observation cell. Plaintiff's head was swelling, so he pushed the emergency button multiple times. After two hours, someone responded and asked plaintiff the nature of his emergency. Plaintiff asked to see a nurse, but the responder told plaintiff that he had already had his chance to see a nurse and plaintiff needed to "put in a blue slip." Plaintiff told the responder that his head was in great pain, but the responder repeated that plaintiff needed to put in a blue slip. Plaintiff received conduct report #1816269 for the September 8, 2007 incident. He was punished with 360 days' disciplinary segregation and 5 days' "adjustment."

     On June 16, 2008, plaintiff pushed the emergency button and said he was having bad head pain. A moment later, a team of officers, including defendant Officer Pontow, came to plaintiff's cell. Plaintiff told Pontow that he needed to see a nurse. Pontow responded by telling plaintiff to put his hands out of his cell. After plaintiff complied, Pontow handcuffed plaintiff, removed him from his cell, placed him in leg irons and began escorting him down the cell range. Pontow took plaintiff to an observation cell and chained him to the cell. Defendant Lieutenant Shultz arrived and asked the officers about the situation. Plaintiff asked why he was being placed in observation for having migraines. Pontow responded by placing plaintiff in a headlock, lying on top of him and yelling at him to stop resisting. Plaintiff was in pain, started to cry and said he was not resisting. Defendant

3

Shultz told plaintiff to "shut up" or Shultz would "tase" him. After two or three minutes, Pontow released plaintiff from the choke hold. Plaintiff was having difficulty breathing and asked to see a nurse. Shultz refused to call a nurse, saying that plaintiff was faking his pain, and put plaintiff in the observation cell. About 20 minutes later a nurse came to see plaintiff. Plaintiff tried to tell the nurse that his head and hand were in serious pain, but the nurse said that everything appeared to be all right and left.

Plaintiff complained about his pain throughout the night and the next morning. In the morning, a supervisor and officer took him to the health services unit. After examining plaintiff's wrist, a doctor told plaintiff to keep his wrist elevated and take ibuprofen to reduce any pain and swelling. Since this incident, another doctor has ordered plaintiff to undergo therapy for his right wrist. Plaintiff continues to suffer pain in his wrist that makes it difficult for him to sleep. The recommended ibuprofen causes him to have headaches and an upset stomach. He has filed institutional grievances regarding his pain directed to defendants Murphy, Grosshans and Raemisch.

Plaintiff received a conduct report written by defendant Pontow related to the June 16, 2008 incident. Plaintiff was found guilty of battery and threats and was punished with 360 days' disciplinary segregation.

DISCUSSION

Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. As the court of appeals held in <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007), plaintiff may join separate claims in a single lawsuit only if they are asserted against the same defendant, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Thus, a claim that one set of prison officials used excessive force on plaintiff in September 2007 does not belong in the same lawsuit as a claim that a completely a different set of prison officials used excessive force or failed to provide plaintiff medical treatment in an unrelated incident in June 2008.

Applying these rules to plaintiff's complaint, I conclude that plaintiff is raising claims that belong in two different lawsuits:

Lawsuit #1: Plaintiff's allegations regarding the September 2007 incident.

Lawsuit #2: Plaintiff's allegations regarding the June 2008 incident.

Under <u>George</u>, I may apply plaintiff's filing fee to only one of these lawsuits. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuit, plaintiff has a more difficult choice. If he chooses to pursue

5

it separately, he will be required to pay a separate filing fee of $350.  Alternatively, plaintiff may choose to dismiss one of his lawsuits voluntarily.  If he chooses this latter route, plaintiff will not owe an additional filing fee.  A lawsuit dismissed voluntarily would be dismissed without prejudice, allowing plaintiff to bring it at another time.

Plaintiff should be aware that because it is not clear at this time whether he will pursue both of his lawsuits, I have not assessed the merits of any of his claims.  Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the individual actions that remain, as required under 28 U.S.C. § 1915(e)(2).  Because plaintiff faces an additional filing fee for a second lawsuit, he should consider carefully the merits and relative importance of both of his potential lawsuits when choosing which of them he wishes to pursue.

ORDER

IT IS ORDERED that

1. Plaintiff William Hartung's complaint is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 20.  Plaintiff may have until April 22, 2010,to tell the court which numbered lawsuit identified in the body of this opinion he wishes to litigate under the number assigned to this case.

2.  Plaintiff may have until April 22, 2010, in which to advise the court whether he

6

will prosecute the remaining lawsuit or withdraw it voluntarily. If plaintiff dismisses a lawsuit voluntarily, he will not owe a filing fee. If plaintiff advises the court that he intends to prosecute a second lawsuit, he will owe a separate $350 filing fee.

    3. If plaintiff fails to respond to this order by April 22, 2010, I will enter an order dismissing the lawsuit as it presently exists without prejudice for plaintiff's failure to prosecute.

    Entered this 9th day of April, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge