IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM HARTUNG,

           Plaintiff,

   v.                                      OPINION and ORDER

OFFICER PONTOW and                           10-cv-75-slc
LIEUTENANT SCHULTZ,

           Defendants.

---

In this civil action brought under 42 U.S.C. § 1983, plaintiff William Hartung contends that defendants Officer Pontow and Lieutenant Schultz violated his right to be free from cruel and unusual punishment under the Eighth Amendment by using excessive force and failing to provide him adequate medical treatment in violation of the Eighth Amendment.  Now before the court is defendants' motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies.

I will grant defendants' motion.  Plaintiff concedes that he failed to exhaust his administrative remedies, but contends that he was unable to file an inmate complaint regarding defendants' alleged actions.  However, plaintiff has adduced no evidence to support his contention that the grievance system was unavailable.  Thus, there is no genuine issue of material fact related to exhaustion that requires a trial, making summary judgment appropriate for defendants.  Fed. R. Civ. P. 56(c) (summary judgment appropriate when the record shows "there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law); *Hunter v. Amin*, 583 F.3d 486, 489 (7th Cir. 2009).

OPINION

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court challenging conditions of confinement. *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999) ("[A] case filed before exhaustion has been accomplished must be dismissed.)  To satisfy exhaustion requirements, a prisoner must take all steps, including appeals, prescribed by the prison's grievance system. *Burrell v. Powers*,  431 F.3d 282, 284-85 (7th Cir. 2005); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).  Because exhaustion is an affirmative defense, defendants bear the burden of establishing that plaintiff failed to exhaust.  *Id.* at 681; *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Wisconsin inmates have access to an administrative grievance system governed by the procedures set out in Wis. Admin. Code §§ DOC 310.01-310.18.  Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint.  Wis. Admin. Code § DOC 310.09.  The complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements, recommend a disposition to the appropriate reviewing authority (the warden or the warden's designee) or direct the inmate to attempt to resolve the complaint informally.  *Id.* at §§  310.07(2), 310.09(4), 310.11, 310.12.  If the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss, affirm or return the

complaint for further investigation. *Id.* at § 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal. *Id.* § 310.13.

Plaintiff was granted leave to proceed on his claim that defendants Officer Pontow and Lieutenant Schultz used excessive force when extracting him from a cell on June 16, 2008, and then were deliberately indifferent to his need for medical treatment for the injuries they caused. Defendants have submitted plaintiff's complete inmate complaint history report, dkt. 29-2, which shows that plaintiff never filed a complaint regarding defendants' alleged actions of June 16, 2008. According to the inmate complaint history report, plaintiff filed six other inmate complaints between June 16, 2008 and January 7, 2010, complaining about a conduct report, lack of a hair cut, missing property, inappropriate charges to his account, mental healthcare and a refill for hydrocortisone cream. On January 12, 2010, approximately a year and a half after the alleged events giving rise to this action, plaintiff filed an inmate complaint that relates tangentially to the events of June 16, 2008. In that complaint, WCI-2010-1193, plaintiff complains about ongoing medical treatment of his wrist injury that was allegedly caused by defendants. Dkt. 29-3. Plaintiff did not complain about defendants' alleged excessive force or any failure to provide medical treatment promptly.

Plaintiff does not dispute that he failed to file an inmate complaint regarding defendants' actions; rather, he contends that the grievance system was "unavailable" to him. Specifically, he contends that he could not file an inmate complaint within the DOC's 14-day deadline because he was in observation status for the 14 days following June 16, 2008. Plaintiff also contends that after being released from observation status, he was in segregation until January 7, 2010 and could not file an inmate complaint while in segregation. Finally, plaintiff contends

that even if it was possible to *file* an inmate complaint while he was in segregation, he was unable to *write* one because his writing hand had been injured by defendants.

When a prisoner is unable to file a timely grievance for reasons outside his control, § 1997e(a) does not require a court to dismiss the lawsuit. *E.g., Kaba*, 458 F.3d at 685; *Dole*, 438 F.3d at 809; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). Plaintiff's problem is that he has adduced no evidence that his circumstances prevented him from filing a grievance. First, plaintiff has provided no evidence that administrative remedies were unavailable to him while he was in observation. He does not suggest that he asked for complaint forms and was told he could not file one, nor does he suggest that defendants or some other prison official prevented him from filing an inmate complaint. The only evidence he submitted in support of his assertion that he could not file a complaint are copies of the incident reports prepared by defendants following the June 18, 2008 incident and the offender complaint he filed on January 13, 2010. Dkts. 30-2, 30-3, 32-2, 32-3. These documents say nothing about whether administrative remedies were available to plaintiff in observation.

Second, plaintiff adduced no evidence that his wrist injury prevented him from writing and filing a grievance. "[A]rguments in briefs are not evidence." *Box v. A&P Tea Co.*, 772 F.2d 1372, 1379 n.5 (7th Cir. 1985). Plaintiff did not submit an affidavit in which he averred that his wrist injury was so severe that he could not write even a few sentences. *Compare Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008) (noting factual issue raised by prisoner's "affidavit which stated that he had been unable to exhaust [his administrative] remedies because he could not prepare the grievance himself, as he is left-handed and it was his left arm that was broken").

However, even if this court assumes that plaintiff was unable to prepare a grievance within the 14-day deadline either because he did not have access to a grievance forms while he was in observation or because he was unable to write, plaintiff still was required to file a complaint after he was released from observation and regained his ability to write.   An administrative remedy is available so long as the administrative authority has the ability to take *some* action in response to the complaint.   *Dole,* 438 F.3d at 809 (citing *Larkin v. Galloway*, 266 F.3d 718, 723 (7th Cir. 2001) (inmate must exhaust prison remedies if the administrative body (1) was empowered to consider the complaint and (2) could take some action in response to it)). The Wisconsin DOC grievance process allows a complaint examiner to accept a late filing upon a showing of good cause, Wis. Admin. Code § DOC 310.09(6); plaintiff never attempted to file a complaint or to make a showing of good cause.   Plaintiff's excuse is that he was in segregation until January 7, 2010, making it impossible for him to file grievances.   In fact, plaintiff filed several complaints regarding other matters while he was allegedly in segregation.

In sum, because the complaint examiner could have considered plaintiff's late inmate complaint regarding defendants' alleged actions of June 16, 2008, plaintiff was required to file an inmate complaint when he was able to do so in order to exhaust his administrative remedies. *See McCoy v. Gilbert*, 270 F.3d 503, 510-511 (7th Cir. 2001) (prisoner did not exhaust administrative remedies because he did not ask for discretionary untimeliness review under federal prison grievance system); *Cannon v. Washington*, 418 F.3d 714, 718-19 (7th Cir. 2005) (prisoner fails to exhaust his remedies if he does not take advantage of procedure for reconsidering untimely filings); *Velez v. Kamin*, 2008 WL 90071 *3-7 (E.D. Wis. Jan. 2, 2008) (prisoner who never attempted to take advantage of Wisconsin's "good cause" exception to untimely filings failed to exhaust his remedies).

Because plaintiff did not correctly utilize the state's administrative process, he has not given the institution a full opportunity to consider his complaint.  Therefore, under the Prison Reform Litigation Act, this court must dismiss plaintiff's lawsuit without prejudice.  42 U.S.C. § 1997e(a); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

## ORDER

IT IS ORDERED that:

(1)     The motion for summary judgment, dkt. 26, filed by defendants Officer Pontow and Lieutenant Schultz is GRANTED.

(2)     This case is DISMISSED without prejudice for plaintiff William Hartung's failure to exhaust available administrative remedies before filing his lawsuit.

Entered this 28th day of October, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge